UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CECILIA M. TORNEL,** *et al.*                                                      **CIVIL ACTION**

**VERSUS**                                                                                        **No. 06-1404**

**RONY MURILLO,** *et al.*                                                           **SECTION: I/4**

## ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiffs, Cecilia M. Tornel and Jose Alvarez Morel. For the following reasons, plaintiffs' motion to remand is **GRANTED**.

### *BACKGROUND*

On or about March 5, 2005, defendant Rony Murillo was involved in a car accident when his car was struck from behind by an unidentified vehicle. Murillo was driving his car at the time, and his passengers, plaintiffs Cecilia M. Tornel and Jose Alvarez Morel, were injured in the accident. Plaintiffs filed suit in state court against Murillo and his insurance company, defendant General Insurance Company of America ("General Insurance").[1] The complaint alleges various negligent acts and omissions by Murillo, as the owner and operator of the automobile, "and/or the unidentified, hit-and-run, vehicle operator either solely or collectively."[2]

---

[1] Rec. Doc. No. 1-1, p. 4.

[2] Rec. Doc. No. 1-1, p. 5.

Plaintiffs and Murillo are Louisiana residents. General Insurance is a foreign corporation with its principal place of business in Washington.[3]

General Insurance removed this case on March 17, 2006.[4] In their motion to remand, plaintiffs argue that this Court does not have subject matter jurisdiction over this matter because there is not complete diversity between the parties.[5] In addition, they argue that defendant has not carried its burden to show that the amount in controversy requirement has been met.[6] In its opposition, General Insurance argues that complete diversity exists because Murillo was improperly joined; it contends that Murillo is merely a nominal party added to defeat diversity and that Murillo faces no liability under Louisiana law.[7] Defendant also argues that it is facially apparent from plaintiffs' petition that their damages will exceed $75,000.

Defendant has also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] Before ruling on a motion pursuant to Rule 12(b)(6), this court must first establish its jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

*LAW AND ANALYSIS*

*I. Motion to Remand*

Federal courts have original jurisdiction over cases between citizens of different states

---

[3]Rec. Doc. No. 1-1, p. 1.

[4]Rec. Doc. No. 1-1, p. 1.

[5]Rec. Doc. No. 18, p. 2.

[6]Rec. Doc. No. 18, pp. 3-6.

[7]Rec. Doc. No. 26, p. 3.

[8]Rec. Doc. No. 5.

where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden to show that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Ambiguities are strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

A defendant establishes improper joinder by showing either (1) fraud in the pleading, or (2) the plaintiff's inability to establish a claim against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Here, defendant alleges the latter. Pursuant to this second prong, the Court must determine whether defendant has shown that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (noting its previous explanation in *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). "[T]he 'burden of persuasion placed upon those who cry "fraudulent [or improper] joinder" is indeed a heavy one.'" *Senia v. Pfizer, Inc.*, No. 06-1997, 2006 U.S. Dist. LEXIS 32555, at *6 (E.D. La. May 22, 2006), (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (alteration in original). To predict whether plaintiffs have a reasonable basis for recovery, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants."[9] *Id.* (citations omitted). If a plaintiff can survive this challenge, the joinder was most likely proper. *Id.*

---

[9]The *Smallwood* court noted that, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. Defendant does not argue, and the Court does not independently find, that plaintiff has misstated or omitted facts material to this determination; therefore, a summary inquiry is not necessary.

Louisiana law presumes that the following motorist in a rear-end collision is at fault. *Mart v. Hill,* 505 So. 2d 1120, 1123 (La. 1987); *see also Leonard v. Favaloro*, 916 So. 2d 1191, 1192 (La. Ct. App. 5th Cir. 2005) (citing *Hadley v. Doe*, 626 So. 2d 747 (La. Ct. App. 5th Cir.1993)).  This presumption, however, is not conclusive, and a party may rebut this presumption by demonstrating the negligence of the preceding driver.  *Leonard*, 916 So. 2d at 1192-1193 (holding that the burden is on the defendant "to rebut the presumption placed upon him as the following driver.").  Although "[t]he jurisprudence is replete with cases which hold a driver at fault for rear-ending even a stalled or stopped vehicle," *Bertrand v. Henry*, 815 So. 2d 868, 871 (La. Ct. App. 3d Cir. 2001), courts generally consider the negligence of the preceding driver in apportioning fault in a rear-end collision. *See, e.g.*, *Wheelis v. CGU Ins.*, 803 So. 2d 365, 370 (La. Ct. App. 2d Cir. 2001) (finding both parties negligent in a rear-end collision); *see also Boudreaux v. Wimberley*, 843 So. 2d 519, 523 (La. Ct. App. 3d Cir. 2003) ("Following vehicles have escaped liability for rear-end collisions by establishing that . . . the unpredictable driving of the preceding motorist created a sudden emergency that the following motorist could not reasonably have anticipated."); *Anderson v. May*, 812 So. 2d 81, 85 (La. Ct. App. 5th Cir. 2002) ("[T]he favored driver can still be found negligent if his or her substandard conduct contributed to the cause of the accident.").

In their complaint, plaintiffs allege that Murillo was negligent in failing to keep a proper lookout to avoid the accident, failing "to see what he should have seen," and failing to avail himself of the last clear chance to avoid the collision.[10]  Viewing the facts in the light most favorable to the defendant, the Court finds that there is a reasonable basis to predict that

---

[10]Rec. Doc. No. 1-1, p. 5.

plaintiffs would be able to recover against Murillo.[11]

Because the Court finds that plaintiffs have a reasonable basis for recovery against Murrillo and that Murillo was properly joined as a defendant in this action, complete diversity does not exist.  This case does not appear to present a federal question that would provide this Court with jurisdiction pursuant to 28 U.S.C. § 1331, and defendant does not forward this argument.  The Court has no subject matter jurisdiction over this action, and, therefore, remand is appropriate.[12]

*III.  Request for Costs, Expenses, and Attorney's Fees*

In their memorandum in support of their motion to remand, plaintiffs request attorney's fees and costs for defendant's improper removal.[13]  Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The decision whether to award fees and costs is discretionary.  *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should

---

[11]Even assuming that defendant could clear this first hurdle and show that there is no reasonable basis to predict that plaintiff can recover against Murillo, its argument in support of this Court's diversity jurisdiction would still fail. Joinder is not improper if a plaintiff's failure to state a claim against "'the in-state defendant necessarily compels the same result from the nonresident defendant.'  In such a case, 'there is only a lawsuit lacking in merit,' not a showing that joinder was improper." *Holder v. Abbott Labs., Inc.*, 444 F.3d 383, 387 (5th Cir. 2006) (quoting *Smallwood*, 385 F.3d at 574). Stated differently, "'when the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendants, and that showing is equally dispositive of all defendants rather than [dispositive of] the in-state defendants alone,'" the joinder was proper.  *Id.* (citing *Smallwood*, 385 F.3d at 575) (alteration in original).  General Insurance must show that a dismissal is unique to Murillo, the in-state defendant.  As Murillo's insurer, General Insurance will most likely stand in his shoes as subrogee.  As such, General Insurance will be unable to present a defense unique to that of Murillo.

[12]Because complete diversity does not exist, the Court finds no need to address the parties' arguments regarding the amount in controvery.

[13]Rec. Doc. No. 18, p. 7.

-5-

be denied." *Martin v. Franklin Capital Corp.*, -- U.S. --, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiffs' request for attorney's fees and costs.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand this action for lack of subject matter jurisdiction[14] is **GRANTED**, and the case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, each party to bear their own costs.

New Orleans, Louisiana, September ___26th___, 2006.

                                                          _____
                                                          **LANCE M AFRICK**
                                                          **UNITED STATES DISTRICT JUDGE**

---

[14]Rec. Doc. No. 18.